RAÚL MERCADO RODRÍGUEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 816. Argued August 1, 1930.—Decided Novemebr 10, 1930.

*Nazario & García Méndez* for petitioner.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

On June 21, 1930, Emilia, Matilde, and Raúl Mercado Rodríguez, and Juan Mercado Nazario, as father with *patria potestas* in behalf of his minor children Humberto, Alejandro, and Olga Mercado y Rodríguez appeared before a notary public and by a deed stated that the Mercado-Rodríguez brothers were owners in indivision of a house situated in San Germán which they inherited from their grandfather, Ignacio Rodríguez, and that as Raúl did not care to remain a party to the community existing between himself and his other brothers, they had agreed, the property in question being essentially indivisible, to adjudicate the same to Raúl, who bound himself to pay in cash to the other co-owners the price of their respective interests. Accordingly, Emilia and Matilde, in their own right, and Humberto, Alejandro, and Olga, represented by their father with *patria potestas* over them, executed the deed, in which it was stipulated that the property was conveyed to Raúl for twelve hundred dollars, each of the grantors to receive the sum of two hundred dollars.

Upon this deed being presented for record, the registrar refused to record it as regards the minors, substantially because a conveyance of property belonging to minors was involved and the contract had not been executed in accordance with the law, citing the case of *Milán* v. *Registrar, ante,* p. 98.

The interested parties did not accept the decision and took the present administrative appeal. The brief of their counsel in support of the appeal contains a careful study of the question involved and able arguments in favor of the validity of the instrument executed. We are compelled, however, to affirm the decision of the registrar.

It is true that this court, in the case of *Sánchez* v. *Registrar,* 21 P.R.R. 453, 457, 458, speaking through Mr. Chief Jutice Hernández, expressed itself as follows:

"In the present case the object of deed No. 151 of July 12, 1914, is not to alienate the common and undivided interest in the said

mortgage credit and rural property held in common by Silverio Sánchez Rodríguez and six minor children, represented by their mother, but to sever the common ownership. It is true that in order to sever any common ownership of property an alienation is necessary, for if an ownership in common is to be terminated it is necessary that each participant in the common ownership renounce his undivided share in the thing in common in order to acquire a fixed, concrete, and specific part thereof; but that is no reason for the application of provisions of the Civil Code which, like those of section 229, do not govern the partition of common property, this, as we have said, being governed by the special provisions established by the Legislature in Title III of Book Second of the Civil Code, sections 399 to 413.

"Common ownership of property and rights exists in every inheritance, and said common ownership ceases when the participants effect a division of the property held in common, the heirs ceasing to be owners of the common and undivided property formerly belonging to them in order to acquire a fixed and specific hereditary portion. If, as provided by section 1027, no judicial intervention or approval is necessary to effect a division of an inheritance in which minors are interested, when the said minors are represented by the father or, as the case may be, by the mother, neither can such intervention or approval be required for the division of common property in which minors are interested and are represented by their mother, as in the case at bar. Section 413 is clear and controlling.

"Section 1027 was not repealed by section 3 of the Act of March 9, 1911, as alleged by the registrar, inasmuch as the said act refers to matters totally different from that regulated by the said section."

It is likewise true that the above doctrine was applied and confirmed in *Martínez* v. *Registrar*, 23 P.R.R. 330; but it is also true that in a subsequent case, *Del Rosario* v. *Rucabado*, 23 P.R.R. 438, 444, wherein, distinguishing the acts of partition from those of pure alienation, it had been said: "The cases are distinct and the Legislature has prescribed certain proceedings in each to protect the rights of the minor," this court, upon learning of the decision of the Supreme Court of the United States in *Longpré* v. *Díaz*, 237 U. S. 512, reconsidered its former ruling and finally held that the fact that property has been allotted for the payment of debts in

524

the partition of an inheritance, in which minors are interested, does not dispense with the statutory requirements regarding the sale of the property of minors, as such allotment (*adjudicación*) is really an alienation. *Del Rosario* v. *Rucabado, supra.*

Since then, the doctrine laid down in the *Longpré* case, *supra,* has been applied with all its consequences or implications many times by this court, the last case decided being that of *Milán* v. *Registrar, supra,* which, despite the efforts of counsel, can not be essentially distinguished from the case at bar. The following doctrine, to quote from the syllabus, has been established in the latter case:

"Where the mother of two minors, owners of undivided interests in a community of property, transfers such interests to the other co-owners, such a transaction is not a 'division' of the common property although so designated, but an alienation."

The decision appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.